JACOB GROSSMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

JOSEPH B. GROSSMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

REUBEN A. GROSSMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 57472–57474. Promulgated January 23, 1934.

*Herbert U. Smith, Esq.*, for the petitioners.
*C. A. Ray, Esq.*, for the respondent.

OPINION.

SMITH: The respondent has determined deficiencies in the petitioners' income taxes for the calendar year 1928 in the following amounts:

| Petitioner | Docket No. | Deficiency |
|---|---|---|
| Jacob Grossman | 57472 | $4,486.90 |
| Joseph B. Grossman | 57473 | 2,982.49 |
| Reuben A. Grossman | 57474 | 3,384.61 |

Each of the petitioners alleges that the respondent erred in determining that the partnership known as L. Grossman & Sons was dissolved on April 2, 1928, instead of on December 31, 1928, thereby erroneously increasing the share of partnership profits distributable to them. The pertinent facts were stipulated.

The petitioners and their father, Louis Grossman, were equal partners in the partnership of L. Grossman & Sons, which partnership was engaged in the business of buying and selling junk and trading in mill and building supplies. Prior to 1928 each of the four partners was entitled to one fourth of the partnership profits, regardless of the amount of capital invested by each. Early in 1928 the father, Louis Grossman, then over 60 years of age and a widower, decided to

remarry. On February 20, 1928, Louis Grossman entered into an agreement with the petitioners which reads in part as follows:

WHEREAS the said parties have for some years past carried on the business conducted under the firm name and style of L. GROSSMAN & SONS at Quincy, Massachusetts, said firm being a partnership consisting of LOUIS GROSSMAN, REUBEN A. GROSSMAN, JACOB GROSSMAN and JOSEPH B. GROSSMAN, and

WHEREAS no account and valuation has been taken and made by the said partners of the said business, the assets and good will thereof, and the share therein owned by the said LOUIS GROSSMAN, in consideration of the sum of ONE HUNDRED & TWENTY-FIVE THOUSAND DOLLARS ($125,000) paid by the continuing partners to the said LOUIS GROSSMAN in the form of a note secured by a mortgage covering the real estate situated on Granite St., Quincy, and in consideration of the agreement by the continuing partners hereinafter described, whereby said LOUIS GROSSMAN is to benefit in the profits earned by the partnership during the year 1928, the said LOUIS GROSSMAN hereby agrees to assign, transfer and set over unto the said REUBEN A. GROSSMAN, JACOB GROSSMAN and JOSEPH B. GROSSMAN, their heirs, executors, administrators and assigns, all the part or share and interest of whatsoever nature owned by the said LOUIS GROSSMAN in all and singular the real estate mortgages and premises hereinbefore mentioned or referred to, and all and singular the automobiles, trucks, machinery, whether affixed or movable, plant, stock in trade, accounts receivable, and other debts, credits, contracts, assets, effects, profits, business and good will of the said partnership; to hold all the said premises unto the said continuing partners, their heirs, executors, administrators and assigns absolutely.

For personal reasons, particularly referring to the marriage by the said LOUIS GROSSMAN to Mrs. HELLMAN, and referring to provisions the said LOUIS GROSSMAN desires to make for all his children, it is agreed and understood that the payment of ONE HUNDRED & TWENTY-FIVE THOUSAND DOLLARS ($125,000) by note and mortgage as aforesaid, shall be made as of April 2, 1928. In addition, the said LOUIS GROSSMAN shall be entitled to benefit equally with the remaining three partners in all profits earned by the partnership during the calendar year 1928. An accounting shall then be taken of the business as of December 31, 1928, and an adjustment made with the said LOUIS GROSSMAN, with the understanding that if he is entitled to more than the sum of ONE HUNDRED & TWENTY-FIVE THOUSAND DOLLARS ($125,000), as aforesaid, he shall be paid the excess, but in the event that he is entitled to less than that sum, he shall make refund to the continuing partners. However, it is specifically agreed, by all the parties hereto, that the said LOUIS GROSSMAN shall cease to have a voice in the control of the partnership after April 1, 1928, and shall benefit only insofar as the profits are concerned up to December 31, 1928.

It is specifically agreed that the continuing partners shall have the right to use the name "LOUIS GROSSMAN", or the present firm name, or any firm name including "LOUIS GROSSMAN", so long as they desire.

In their income tax returns for the calendar year 1928 the petitioners each reported one fourth of the income of the partnership for the entire taxable year 1928. In his audit of the petitioners' returns the respondent included in the income of each of the petitioners one third of the partnership income for the period April 2 to December 31, 1928. This adjustment was based upon the respondent's determination that there was a sale by Louis Grossman

of his interest in the partnership to the petitioners as of April 2, 1928, as evidenced by the above agreement of February 20, 1928, which sale resulted in a dissolution of the partnership and the formation of a new partnership composed of the three petitioners; that the consideration for such sale was the $125,000 note and mortgage referred to in the agreement plus one fourth of the partnership profits for the remainder of that year, or from April 2 to December 31, 1928, inclusive, and that all the partnership income for that period is therefore taxable to the three petitioners.

In our opinion the respondent correctly determined that there was a sale by Louis Grossman of his interest in the partnership assets and business effective as of April 2, 1928. This is certainly a reasonable construction to place on the agreement of February 20, 1928. The admitted purpose of that agreement was to place the assets belonging to the partnership in a position where they would not be affected by Louis Grossman's marriage. This the parties undertook to do through the sale by Louis Grossman of his interest in the assets of the partnership to the other partners under the terms of the agreement of February 20, 1928. There is nothing in the evidence to indicate that the agreement was not strictly carried out. An accounting was made of the partnership business as of December 31, 1928, and on February 1, 1929, Louis Grossman and the petitioners entered into another and final agreement under the terms of which the petitioners assumed all the obligations of the partnership and agreed to pay all state and Federal taxes that might be levied against the partnership or against Louis Grossman as a result of an investigation then being made of the tax liabilities of all parties for the year 1928. Louis Grossman agreed to accept the note for $125,000 already received as full payment for his interest in the partnership assets. The agreement further provided that:

Notwithstanding the fact that said Louis Grossman has ceased to have any interest in the above-mentioned business enterprises, the parties hereto agree that he may continue to devote such time as he desires to the business, performing such duties as may be helpful to said business. * * *

The petitioners contend that the agreement of February 20, 1928, was an executory contract and did not effect a dissolution of the partnership as of April 2, 1928; that the actual date of dissolution of the partnership was February 1, 1929, when the final agreement was entered into. Their position, we think, is untenable. To give any effect of consequence to the agreement of February 20, 1928, and certainly to give the effect intended by the parties it must be construed as evidencing a sale by Louis Grossman of his entire interest in the assets of the partnership as of April 2, 1928. The provision of the agreement that "the said Louis Grossman shall be entitled to benefit equally with the *remaining three partners* in all profits earned

by the partnership during the calendar year 1928 " (italics supplied), indicates that the parties contemplated a dissolution of the partnership, or at any rate the retirement of Louis Grossman from the partnership as of April 2, 1928. Unless there was intended to be a change in the partnership there was no need for the provision for the division of the profits, since the profits were then being divided on that basis. The agreement further states that " it is specifically agreed, by all the parties hereto, that the said LOUIS GROSSMAN shall cease to have a voice in the control of the partnership after April 1, 1928." The evidence does not show that Louis Grossman took any part whatever in the business of the partnership after that date.

The respondent has determined that the partnership was dissolved as of April 2, 1928. There is nothing in the so-called final agreement of February 1, 1929, to refute the respondent's determination. It makes no new provision for the dissolution of the partnership or for the sale by Louis Grossman of his interest in the partnership. Apparently its chief purpose was to agree on the final settlement based on the partnership accounting as of December 31, 1928, which was provided for in the prior agreement. The above quoted provision of the latter agreement that " notwithstanding the fact that said LOUIS GROSSMAN has ceased to have any interest in the above mentioned business enterprises " supports the respondent's determination that he, Louis Grossman, had previously withdrawn from the partnership. Cf. *Willard C. Hill*, 14 B.T.A. 572; affd., 38 Fed. (2d) 165.

In the absence of any evidence of error on the part of the respondent, his determination of the deficiencies asserted is sustained.

*Judgment will be entered for the respondent.*